**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA  DIVISION**

DEXTER J. RAY,                                          :
                                                                     :
              Petitioner,                                 :
                                                                     :
       VS.                                                    :        Civil Action File No.
                                                                     :        7 : 10-CV-35 (HL)
ALAN CARTER, Warden,                          :
                                                                     :
              Respondent.                                :
_____

## <u>RECOMMENDATION</u>

Presently pending in this *pro se* prisoner *habeas corpus* petition is Respondent's motion to

dismiss the petition as being untimely filed (Doc. 7).

Petitioner was convicted on June 6, 1997, in Lowndes County of armed robbery, possession of

a firearm during the commission of a crime, and interference with government property. (Resp.

Ex. 2, Final Disposition). He was sentenced to life imprisonment plus two five-year sentences. Id.

Petitioner appealed his convictions and sentences, and they were affirmed on January 25, 2002. Ray

v. State, 253 Ga. App. 626, 560 S.E.2d 54, cert. denied, No. S02C0879, 2002 Ga. LEXIS 543 (Ga.

June 21, 2002). Petitioner's motion for reconsideration was denied on February 11, 2002. Id.

Petitioner's petition for a writ of certiorari to the Georgia Supreme Court was denied on June 21,

2002. Id.  On November 12, 2008, Petitioner filed a state habeas corpus petition in Wilcox County.

(Resp. Ex. 1). Petitioner's petition was denied on April 20, 2009. (Resp. Ex. 3).  Petitioner's

application for certificate of probable cause to appeal the denial of state habeas corpus relief was

denied by the Georgia Supreme Court on October 19, 2009. (Resp. Ex. 4). Petitioner's motion for

reconsideration was denied on November 9, 2009. Id.  Petitioner submitted this petition for filing on

May 17, 2010, challenging his Lowndes County convictions.

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d). On April 24, 1996, the one-year period of limitations for state prisoners seeking federal habeas corpus relief, enacted as part of the AEDPA, went into effect. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Section 2244(d) of the AEDPA provides as follows:

  (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After his convictions were affirmed in direct appeal in 2002, Petitioner waited over six years before filing his state habeas petition; therefore, the limitations period had already expired by the time he filed his state collateral proceedings, making this federal petition clearly untimely.

Petitioner contends that the violations of his substantive due process rights precludes the application of the limitations period, and therefore the petition should be considered on its merits.

In *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly..... it can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir.2001); *see also Sandvik*, 177 F.3d at 1271 (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."

Because of the difficult burden, this Court has rejected most claims for equitable tolling. *See*, e.g., *Johnson v. United States*, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Sandvik, supra* (holding that attorney negligence will not warrant equitable tolling).

Petitioner contends that a new interpretation of Georgia law regarding the use of prior convictions at sentencing gave rise to a new claim of ineffective assistance of counsel. Petitioner quotes the case of *West v. Waters*, 272 Ga. 591 (Ga. 2000). However, Petitioner does not explain why he could not have filed his state habeas petition sooner, as *West* was decided in 2000, and he did not file his state habeas petition until 2008.

Petitioner's arguments do not excuse why he failed to timely file the instant petition or otherwise toll the filing period during the one year grace period. Petitioner offers no explanation of the large

3

gap in time between 2002 when his convictions and sentences were affirmed on direct appeal and 2008, when he filed his state habeas petition, during which large gap absolutely nothing was pending. He offers no example of his due diligence during that time. It is clear that Petitioner did not timely file the instant petition.

Therefore, it is the RECOMMENDATION of the undersigned that Respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 15th day of December, 2010.

 //S Thomas Q. Langstaff
 THOMAS Q. LANGSTAFF
 UNITED STATES MAGISTRATE JUDGE

msd